Christopher Jean

Plaintiff,

V.

Capital One.,

Defendant.

Civil Action No.

JURY DEMANDED

## I. INTRODUCTION

1. This is an action for damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., arising from Defendant's willful and negligent failure to conduct a reasonable reinvestigation and its continued furnishing of materially false credit information after the Somerville District Court of the Commonwealth of Massachusetts entered judgment in Plaintiff's favor and determined that Plaintiff did not owe the alleged debt.

2. Despite losing its collection lawsuit and despite receiving notice of Plaintiff's disputes from consumer reporting agencies, Defendant verified the debt as accurate and then updated the account balance after verification, compounding the inaccuracy and causing ongoing harm to Plaintiff.

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

4.Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(b) because:

• Plaintiff resides in Massachusetts.

• Defendant regularly conducts business in Massachusetts; and

• The inaccurate credit reporting was published to consumer reporting agencies accessed in this District, causing injury here.

## III. PARTIES

5. Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c).

6. Defendant Capital One is a furnisher of information to consumer reporting agencies and is subject to the duties imposed by 15 U.S.C. § 1681s-2.

## IV. FACTUAL ALLEGATIONS

A. The Alleged Debt and Somerville District Court Judgment

7. Defendant claimed Plaintiff owed a consumer debt arising from a personal credit account.

8. Defendant initiated a collection lawsuit against Plaintiff in the Somerville District Court, Commonwealth of Massachusetts, seeking to collect the alleged debt.

9.mDefendant failed to validate, prove, or otherwise establish the alleged debt in that action.

10. The Somerville District Court entered final judgment in favor of Plaintiff, determining that Plaintiff was not obligated to pay the alleged debt.

A true and correct copy of the judgment is attached as Exhibit A.

11. The judgment is final and dispositive and conclusively resolved that Plaintiff does not owe the alleged debt.

B. Continued Credit Reporting After Judgment

12. Despite the Somerville District Court judgment, Defendant continued furnishing the alleged

debt to consumer reporting agencies, including Experian, Equifax, and TransUnion, as though it remained valid and owed.

13. Defendant's reporting falsely represented that Plaintiff had a current financial obligation when no such obligation existed.

C. Plaintiff's Disputes and Defendant's Verification

14. On November 18, 2025, Plaintiff submitted written disputes to consumer reporting agencies disputing the accuracy and legal validity of Defendant's reporting.

15. The disputes expressly stated that:

• Defendant sued Plaintiff in Somerville District Court.

• Defendant lost the lawsuit.

• Judgment was entered in Plaintiff's favor; and

• The alleged debt was not owed.

16. Pursuant to 15 U.S.C. § 1681i(a)(2), the consumer reporting agencies notified Defendant of Plaintiff's disputes and forwarded all relevant information.

17. Defendant responded by verifying the account as accurate, despite the existence of a final court judgment eliminating the debt.

18. Defendant failed to conduct a reasonable investigation and failed to meaningfully consider the legal effect of the Somerville District Court judgment.

D. Post-Verification Balance Update (Independent Violation)

19. On or about December 16, 2025, after verifying the account, Defendant updated the account balance and status with the consumer reporting agencies.

20. The balance update reaffirmed and republished the false representation that Plaintiff owed the debt.

21. Defendant's post-verification balance update constituted a new and independent furnishing

decision, made with full knowledge of Plaintiff's dispute and without a reasonable investigation.

22. No reasonable investigation could have verified or updated the account as accurate because the alleged debt had already been judicially determined to be invalid and unenforceable by the Somerville District Court.

E. Harm to Plaintiff

23. Defendant's conduct caused Plaintiff actual damages, including but not limited to:

• Credit score suppression.

• Denial or impairment of credit opportunities.

• Emotional distress, anxiety, and frustration.

• Time and expense spent attempting to correct Defendant's false reporting.

24. Defendant's actions created a real and substantial risk of additional financial and reputational harm.

## V. CAUSE OF ACTION

Violation of the Fair Credit Reporting Act 15 U.S.C. § 1681s-2(b)

25. Plaintiff realleges paragraphs 1–24.

26. Defendant received notice of Plaintiff's disputes from consumer reporting agencies pursuant to 15 U.S.C. § 1681i(a)(2).

27. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A)–(E) by failing to:

• Conduct a reasonable reinvestigation.

• Review all relevant information provided by the CRAs.

• Accurately report the results of its investigation.

• Delete or modify information that could not be verified.

• Refrain from updating and republishing inaccurate information after verification.

28. Defendant's verification of the account, followed by a post-verification balance update, was objectively unreasonable and directly contradicted a final judgment of the Somerville District Court.

29. Defendant's conduct constitutes negligent noncompliance under 15 U.S.C. § 1681o.

30. Defendant's conduct further constitutes willful noncompliance, including reckless disregard of its statutory duties, under 15 U.S.C. § 1681n, entitling Plaintiff to statutory and punitive damages.

## VI. DAMAGES

31. Plaintiff seeks recovery of:

a. Actual damages under 15 U.S.C. § 1681o;

b. Statutory damages under 15 U.S.C. § 1681n(a)(1)(A);

c. Punitive damages under 15 U.S.C. § 1681n(a)(2);

d. Costs and reasonable attorney's fees under 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff;

B. Award actual, statutory, and punitive damages;

C. Award costs and reasonable attorney's fees;

D. Grant such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable. File data.


Respectfully,

Christopher Jean

51 Pinkert St.

Medford, MA 02155-4128

cjean1289@gmail.com